May it please the Court, Counsel, my name is A.L. Brown and I represent Ms. Antonnette Hopkins in this matter. In Coleman v. Watt, this Court set forth a very clear statement of law. It said, a five-day delay in justifying the detention of a private vehicle is too long. Ms. Hopkins' vehicle, after she filed a demand for judicial determination, the hearing for her vehicle was denied up to five months. That is a function of the Minnesota Vehicle Forfeiture Statute. The District Court dismissed the case not because he was in love with the process claiming the Vehicle Forfeiture Statute. The District Court dismissed the case because it said that Ms. Hopkins did not exhaust her state court remedies. This Court has previously said that, in a very recent case, Booker v. The City of St. Paul, very recently said that it didn't have enough evidence of a delay. Mr. Booker, in that case, had not filed his hearing. From this Court's view, the delay was all hypothetical. In this case, Ms. Hopkins did exactly what the Minnesota law required, comply with it to the T. She paid her filing fee and she did it within the thirty days, demanding a prompt hearing. It took her five months. In this regard, I know at some point I've got to deal with the Booker decision, but I want to factually separate those two cases by saying that Hopkins did what Booker did not. In that regard, Booker is not applicable. Back to the District Court's exhaustion of remedies basis for dismissing the case. This Court has never required a party to suffer a facially lacking due process system in state courts before they could bring their claim in federal court. On multiple occasions, and we've cited two in our brief, both the King decision in our opening brief indicate that this Court, the party has a choice to choose between going through the state court process or coming into federal court and demonstrating that the state court process is inadequate. That is exactly what Ms. Hopkins did in this case. On to the due process aspects of the case, which is Booker clearly said that the Minnesota statute is constitutional. From my perspective, Your Honor, Booker is in clear contradiction with Coleman. Now this panel can't overrule another panel, but neither could the Booker panel. In U.S. v. Mader, this Court decisively, definitively decided when there are two lines of cases going different directions, the older case must be followed. Coleman's decision is a 1994 decision. It is irreconcilable with the Booker decision. This panel must, by the en banc decision of this Court, follow the Coleman decision. What's wrong with Coleman versus Booker? How are they distinguished? In Coleman, this Court made clear pronouncements. It said a five-day delay in justifying the detention of a private vehicle is too long. Ms. Hopkins suffered a five-month delay. This is looking at the Matthews v. Eldredge factors on the due process analysis. The first element being the private interest. The Court said the ownership of a vehicle, the use of a vehicle, is a substantial interest. That's what the Coleman decision said. The second element is the risk of erroneous deprivation. The Court said to the risk of erroneous deprivation, and I quote, the risk of erroneous deprivation is neither increased nor decreased by the timing of the post-deprivation hearing. That's what the Coleman 1994 decision said. The third element in looking at these cases under the Matthew v. Eldredge framework is what's the state's interest in delaying the case? Coleman said, and I quote, aside from a possible increase in inconvenience, we can see none. Given that the hearing must be provided in any event, the additional administrative financial burden imposed by a prompt expeditious hearing will be small. In this case, it's even worse because there is no cost to the courts because in Coleman, the hearing was free as I do believe it should be in this case, but in Ms. Hopkins' case, she's obligated to pay the filing fee. When you look at what Coleman said, it ran all three points in favor of the Matthews v. Eldredge analysis in favor of a prompt post-deprivation hearing. It did so in what it said was the universal approach of courts to require a prompt post-deprivation hearing. All three of those things, Coleman said, the plaintiff wins. When you compare that to the Booker decision, I respectfully, out of respect to the other panel, I respectfully suggest that it is completely out of sync with that decision. This panel must follow the Coleman decision. I put to the court this, if the court does not, what is left of Coleman? How will litigants know what is a prompt post-deprivation hearing and what is not? If the court follows the Booker decision, the law in this circuit will be that a five-month delay is okay. That is completely contradictory to the Coleman decision. Unless there's any questions, Your Honor, I will leave the rest of my time for rebuttal. Good morning, Mr. Iverson. Good morning, Your Honor. May it please the court and counsel, again, John Iverson appearing on behalf of the city of Bloomington. This court in August issued its Booker decision, which is directly on point with the matters that are asserted in this case. This is the fourth time this court has evaluated counsel's constitutionality arguments. The constitutionality of the statute was challenged in Loss and rejected. The constitutionality was challenged in Ashanti and rejected, and similarly in Booker. In Booker, this court distinguished Coleman, which was a judge-made determination of thou will pick up any or seize any vehicle that is violating any ordinance, not having license tabs properly illuminated or things like that. Here we're dealing with a statutory forfeiture proceeding that this court has determined, frankly, the Supreme Court has determined that statutory forfeiture proceedings constitute due process. This court in Booker specifically stated that the Minnesota statute comports with due process. The argument of a five-day delay that Coleman is advanced or that Hopkins is advancing in this case is belied by the record. They're claiming Hopkins or that Booker does not apply because Booker didn't ask for a judicial determination on forfeiture. Mr. Lass asked for a judicial determination on forfeiture. Ms. Ashanti asked for a judicial determination on forfeiture. The Ashanti determination occurred, I can't remember, in Ashanti indicated that there was a challenge to the forfeiture. They requested a hearing. Ms. Ashanti filed a motion for summary judgment, which was granted and got the vehicle back. They followed the dictates of the statute to request the relief identified in the forfeiture statute. Here, there's no question a demand for judicial determination was made two weeks after the vehicle was forfeited. That's already past the time that they're claiming is somehow unreasonable in Coleman. The statute has been amended since this incident to provide for a 60-day time limit to file a notice of forfeiture. The demand for judicial determination was approved by the court. The court's synopsis of the various arguments, they filed the demand. A judge was appointed. Judge Zimmerman was assigned, I think, six days later on April 5th. Ms. Hopkins removed Judge Zimmerman on April 11th. It was assigned to a new judge on April 12th. An order for scheduling conference on the judicial determination was set on April 25th for a hearing on May 19th. Counsel was not available for that hearing. It was reset to August 16th. At no point was a request for early, or at least the record doesn't indicate that there was a request for an early determination to have the matters heard before the culmination of the criminal process. At the time, that was an opportunity. In our brief and in the record, the court can look at the 17 factors for why the forfeiture here was improper. They all pertain to the driving conduct. They all pertain to the illegal operation of the motor vehicle with the blood alcohol of .24. In fact, Ms. Hopkins even challenges at one point in the judicial determination that she was even the driver. This court in Booker concluded that Booker's vehicle was lawfully subjected to forfeiture and given Booker's conviction for a fourth DWI, he was not entitled to get it back. In this case, Ms. Hopkins pled guilty. I believe the date was November 8th, 2012. Before pleading guilty to that, they requested a continuance in the criminal matters. It was their request to comply with the state source code or to follow up with the state source code litigation. It was Ms. Hopkins that delayed the process through her own filings. At no point did they ever make a request for an accelerated hearing, which this court found significant in Booker. This court in Booker also said even if there hypothetically could have been a prolonged seizure had Booker requested a judicial determination within 30 days, Booker cannot show he suffered any harm from the city's retention of the vehicle because the city was then the rightful owner. In this case, the city of Bloomington is the rightful owner of a vehicle of an individual driving with a blood alcohol of more than 0.02 percent. Because of the plea of guilty to the driving infraction, there can be no violation of the forfeiture statute. Judge Thunheim was correct in dismissing this claim for failure to follow the administrative remedies available. In the judicial determination, they filed a notice. One of the affirmative defenses was that the statute is unconstitutional. The same defense that they raised in Loss, the same affirmative defense they raised in Ashanti, and the same affirmative defense that they raised in Booker. For these reasons, Judge Thunheim should be affirmed and this court should dismiss this case. Thank you. Approach it for a moment. In your view, based upon Mr. Brown's argument and brief, what would it take to satisfy Ms. Hopkins' constitutional claim? What does she claim she's entitled to under the Constitution that she did not receive? My understanding is she claims that she's somehow entitled to a faster hearing on the judicial forfeiture. Okay. And we can ask Mr. Brown on rebuttal, what exactly, how many days does it take to get a hearing? How many days that's required or limited to. Very well, thank you. I'll follow up with that, Your Honor, if I may. I mean, obviously, the United States Supreme Court in the Calero, the yacht case, I think we're dealing with an 18-month statutory forfeiture that was deemed appropriate. And the United States versus $8,000 was a delay as well that was deemed to not violate due process. I guess if one wants to hypothecate, I guess maybe a yacht owner being deprived for a while is not as critical as a wage earner who wants his or her car back within a much shorter time than was available here. And this court in Booker's said that the state's interest in precluding people from driving on their roads in intoxicated fashion is a compelling interest. And that compelling interest exists under the facts before the court in this case. Thank you, Your Honor. Thank you, Mr. Iverson. Mr. Brown, you have about 340, 341. Thank you, Your Honors. Respectfully to my colleague, I think he greatly overstates the court's review of the due process in this case. True enough, this case has been here, this statute has been here three times. But in Lossie, the court never got to the issue of due process. The case was dismissed on race judicata. That was a procedural dismissal. In Ashanti, the court never got to due process. It was dismissed for race judicata. Booker is the first case in which this court has considered the due process analysis. And that is why, Mr. Iverson, he says that the Booker case distinguished Coleman because that was a judge-made rule. That's not the case. When you look at the Booker decision, it says that Coleman is not applicable because Booker sat on his hands. Coleman is distinguishable precisely for the reason that Booker sat on his hands. The litigant in Coleman worked hard to get the hearing. Booker, this court felt, sat on his hands, so that's how they distinguished him. Did not make the distinction between whether it was a judge-made rule or whether it was a statutory rule. Mr. Iverson made several points about the calendaring of it. No matter how you slice it, Your Honor, the delays by counsels not being available and so forth, she sat for five months before any delay. She was never allowed, and no matter what occurred, the Coleman rule was always violated prior to any delay by the intoxilizer. She sat on the judicial demand docket for five months before she even joined the intoxilizer. She filed her demand for judicial . . . What about Judge Woolman's question about when does the violation of her due process rights occurs over what amount of time? Well, Your Honor, I think that's flexible, to be frank. The Crimstop Court, which is what this case is frankly modeled after in the Second Circuit, they require it within, I think, 48 hours to 72 hours. I think that's reasonable. In this statute, there is no time period for which the person can expect a hearing. You file your demand for judicial determination and you wait. The government during this period has . . . A car certainly is different than money, but you have Supreme Court cases that go up to 18 months and say that's okay. I think that's significantly different and I'm glad the Court brought that up. The Court made those analysis under Wing v. Bargo analysis using the speedy trial analysis. This Court has said that Matthew v. Eldridge applies. It's very different in the federal system. Those are all federal forfeiture cases. In the federal system, once the person makes a claim, the federal government has the obligation to begin the forfeiture proceedings in a speedy process. They have to have an excuse as to why they didn't and under the facts of those particular cases, the Supreme Court said that the 18 months was okay. That is not a blanket rule that 18 months . . . We're not talking about statutes here. We're talking about the Constitution. If 18 months under a statute is not too long, how can . . . You would assume the Constitution would limit it before the statute. Why is the Constitution going to be not violated with an 18-month delay and would be violated with a five-month delay or a two-day delay? I see my time has expired. I'd like to answer the very important question, Your Honor. They're starting from different starting points. When you look at the cases that counsel has cited, those are cases used in the Wing v. Bargo analysis. That's a Sixth Amendment analysis about a speedy trial and so forth and whether the government was dragging its feet and fulfilling its obligation to provide due process. The court said under those facts, given the government's excuses as to why that speedy trial type analysis wasn't followed in the forfeiture case, due process was not offended in those cases. That analysis does not apply to this case. This Matthew v. Eldredge governs due process cases. It makes no sense to graft that analysis onto these types of cases because the obligation of the parties are different. In the federal system, the government has an obligation by statute to get going quickly. In the state system, the government doesn't have an obligation to do anything unless the party files a demand for judicial determination. Chief, if I could ask one question. Certainly. Well, to follow up on Chief Judge O'Reilly's question, maybe state it a little bit differently. In your mind, what procedural timeline would it take to satisfy Ms. Hopkins' due process rights? I believe that if there is a prompt hearing before . . . Prompt being what? Within seventy-two hours, Your Honor. Seventy-two hours, okay. Within seventy-two hours, unless there's some extenuating circumstances . . . I'm sure that would be fine, but what's the constitutional deadline? It's a fair question, Your Honor, but it's an unfair question because the Constitution doesn't set a deadline. It's flexible. I know, but at what point does it become . . . Coleman says the outer limits are seven days. Coleman says that seven days is clearly excessive. That's the language that Coleman used. And I think five months, in these cases, as he said, is clearly excessive. So whatever the outer limits are, I would suggest seventy-two hours. That's what other courts have used. But five months and eighteen months are certainly unacceptable for due process analysis. I suggest it may depend on the facts, depend on the case and on the facts. But Your Honor, in this instance, you have to look at the fact that the statute precludes a hearing before the resolution of the criminal matter. We've given the court statistics, and an actual person who's gone through it that match up those statistics. In that particular county, it takes at least four months to resolve a criminal matter. Then you get in line for the civil matter to get on the civil docket. And at this hearing that is held within seventy-two hours, what is determined? It determines whether there is a basis for the government to hold the vehicle. And why this matters not only for . . . my clients are drunks. Most of them are. That's true. But it also matters for innocent owners who have to go through the same process. I respectfully suggested to the court that the Booker decision said that they can get the car back immediately. That's not true. The only way they can get the car back is to go through the judicial demand process, and they stand in line like everyone else. I'd ask the court to take a closer look at that as it relates to innocent owners because I think the Booker court misread the statute. I thank the court for its time. Thank you very much. We'll be back as soon as we can. Thank you both for your arguments. Hey, Ms. Zell, you may call the next case.